JAMES J. PISANELLI (Nevada Bar No. 4027)
JJP@pisanellibice.com
TODD L. BICE (Nevada Bar No. 4534)
TLB@pisanellibice.com
DEBRA L. SPINELLI (Nevada Bar No. 9695)
DLS@pisanellibice.com
PISANELLI BICE
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Tel: 702.214.2100

BRAD D. BRIAN (*Pro Hac Vice Forthcoming*)
brad.brian@mto.com
MICHAEL R. DOYEN (*Pro Hac Vice Forthcoming*)
michael.doyen@mto.com
BETHANY W. KRISTOVICH (*Pro Hac Vice Forthcoming*)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Tel: 213.683.9100/Fax:  213.687.3702

E. STRATTON HORRES, JR. (*Pro Hac Vice Forthcoming)*
Stratton.Horres@wilsonelser.com
KAREN L. BASHOR, (Nevada Bar No. 11913)
Karen.Bashor@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401

Attorneys for Plaintiffs MGM RESORTS INTERNATIONAL, MANDALAY
RESORT GROUP, MANDALAY BAY, LLC, MGM RESORTS FESTIVAL
GROUNDS, LLC, and MGM RESORTS VENUE MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, MANDALAY RESORT GROUP, MANDALAY BAY, LLC f/k/a MANDALAY CORP., MGM RESORTS FESTIVAL GROUNDS, LLC, MGM RESORTS VENUE MANAGEMENT, LLC<br><br>          Plaintiffs,<br><br>     vs.<br><br>CARLOS ACOSTA; EMMANUEL AFFRAN; GREG AGUAYO; LILLIAN AGUIRRE; | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

39268621.2

1  DIONNDRA ALEXANDER; LESLIE
   ALWORTH; ENRIQUE ARGUETA; SHANE
2  ARMSTRONG; IMARI AUSBIE; TINA
   MARIE AVERY; JEFFREY BACHMAN;
3  JOSEPH I. BALAS; BREANNA GRACE
   FRANCL BALDRIDGE; MALINDA
4  BALDRIDGE; COLE BALDWIN; PAUL
   BALFOUR; ALICIA BEATTY; ELIZABETH
5  BEATTY; MATTHEW BEATTY; BRANDY
   BEAVER; BRANDON CHARLES BECKETT;
6  TINA BEDARTES; CHICO BELSER;
   CHRISTI BERAN; KAREN BERNEY;
7  JENNIFER L. BITHELL; RUSSELL BLECK;
   AARON BOUPHAPRASEUTH; JOSHUA
8  BRADY; CHANDRA BRIDGES; CRAIG
   ALAN BROCKETT; DEBBIE BROCKETT;
9  KALI BROCKETT; LEXIA BROCKETT;
   CAITLIN BRUNNER; ANDRE BRYANT;
10 JORI BUCKLAND; TIFFANIE BUEHLER;
   ANTHONY BURNS; ANDRETTI CAGE;
11 KIMBERLY CALDERON; EARLLITRA
   DANIELLE CARTER; ATHENA CASTILLA;
12 SHAYLA CATALDO; TEQUELA
   CHAPPELL; SAVANNA CHASCO; DANNY
13 CLUFF; GREG CLUFF; CODY COFFER;
   MARKIE COFFER; CONNIE D. COLEMAN;
14 KIMBERLY COLLINS; SUE ANN
   CORNWELL; DANIEL CORTES; BRETT
15 COSSAIRT; MANDI CROWDER; CHANELL
   CUELLAR; JUAN CUELLAR; RAINNA
16 RUSK DAVIS; WHITNEY DAY; JOHN
   DEANE; RACHEL DELAPAZ; HANNAH
17 DOMINGUEZ; JOMONT DOTTON;
   SANDRA DOUGLAS; MICHAEL DYER;
18 HUGH JOSEPH DYER III; SONYA ESTERS;
   EMILY EVANS; MICHELLE EVANS;
19 KRISTINA FALCO; CASSANDRA FIGGERS;
   DEANNA FINLEY; JUDITH FISHER;
20 BRISTINA FLATT; KENNETH SHAYNE
   FLETCHER; BETH GALOFARO; WILLIAM
21 GALVEZ; LACY GANN; DANA GETREU;
   COURTNEY GIBSON; JENNIFER GIBSON;
22 MICHAEL MERCED GILARDINO; JIMMY
   GILMORE; TOMAS GONZALEZ; HEATHER
23 GOOZE; MICHAEL GREENFIELD; JULIAN
   HAMILTON; ANGEL HANDLIN; DARREL
24 HANDLIN; MATTHEW HANSEN; MICHAEL
   HANSSON; CAROL HARDEN; JUSTIN
25 HARMAN; LAKHESHA HARRIS; TRINO
   HARRIS; JENNIFER HAUT; ELIZABETH
26 HEFLEY; GABRIELLE HEMPHILL;
   WILLIAM HENNING; RICHARD CRAIG
27 HERMANN; MARIO HERRERA;
   JACQUELYN HOFFING; MARCELLA
28 HOFFMAN; BRITTANY HORTON; MEGAN

1 IANNUZZI; LUCA ICLODEAN; DMOREA
JACKSON; JARON ANTHONY JAMERSON;
2 ANGELINA JAMES; COREY JOHNSON;
DEANDRE JOHNSON; JAYNELLE
3 JOHNSON; JOHANNA JOHNSON; SARAH
JOHNSON; EDGAR T. JONES; CHIQUANA
4 JOSHUA; MYLES KALK; AUTUM
KAPINKIN; JAWAUNDO W. KIMMONS;
5 WILLIAM KING; NIKKOLE KNIGHT;
ANGELL KNITTLE; ANNA KOPP; DAVID
6 KRONBERG; LORI KRUMME; MARY
LYNN KUEFFNER; ATHEA LAVIN; AMIAH
7 LEE; ERIKA LEE; LISA LEE; NICK LEMAY;
ALAN I. LEVITT; CHARLES LEXION;
8 YOLANDA LIZARDO; GABRIELA
LOMAGLIO; VICENTE LOPEZ; SHAWNA
9 LOTT; JOSHUA LUIZ; JOY LUJAN;
BRITTANY MACKAY; KERI MAHER;
10 CHRISTIAN MARQUEZ; TRACI
MARSHALL; RICHARD MASUCCI;
11 LINDSEY MATA; TRAVIS MATHESON;
STEVE MCBEE; DENISE MCCLELLAN;
12 LONNIE MCCORVEY; LYNNE MCCUE;
TAMIKA MCGILL; CARMEN MCKINLEY;
13 CLEVELAND MCMATH; DOREEN
MEDINA; TREZA MEKHAIL; PAIGE
14 MELANSON; ROSEMARIE MELANSON;
STEPHANIE MELANSON; STEPHEN
15 MELANSON; ESTATE OF AUSTIN MEYER;
ROMEO MEYER; ROBERT MILLER;
16 PHYLYSSA MONTOYA; ALYSSA MOORE;
KATRINA MORGAN; SHANCELA MYERS;
17 MARIROSE NAING; ANTHONY DON E.
NOARBE; AMBER NORCIA; ELSA NUNEZ;
18 ROSE O'TOOLE; KUULEI OTIS; STACIE
OWENS; CHAD PACKARD; KAYCEE
19 PAUL; ELISA PEREZ; ANGELA MARIE
PERRY; JEREMY PICKETT; JOSE PLAZA;
20 MACKENZIE PLUTA; DARRIAN PORTER;
LAURA A. PUGLIA; KARMJIT RAJU;
21 JASMINE REIN; STANLEY RENDON; LEA
RICHMOND; ISRAEL RIVERA; TONIA
22 ROCHELEAU; MICHAEL ROLLAND;
MARK RUSSELL; VINCENT SAGER;
23 CHRISTOPHER SALINAS; LENEA
SAMPSON; ALYSSA SANDS; JOSEPH
24 SARTIN; SARAH SCARLETT; SHAWN
SCARLETT; SHAYLENNE SCARLETT; KIM
25 SCHMITZ; ALISON SHEEHE;
CHRISTOPHER SHUEMAKER; BREANNA
26 SKAGEN; JENNIFER SKOFF; CHEYENNE
SLOAN; EDEN SMITH; JASPER SMITH;
27 YVONNE SMITH; MARTIN SOLANO;
SHELBY STALKER; CHRIS STEWART;
28 GREGORY TAVERNITE; SAM TAYLOR;

1   WENDY TAYLOR-HILL; REGINALD
    THARPS; CHRISTINA THEBEAU; DAVID
2   W. THERIAULT; BREYANA THOMAS;
    GABRIELLE THOMAS; SAVANNAH
3   THOMAS; STEVEN THOME; ALVA BRUCE
    TILLEY; MARIYA TORO; KATHRYN
4   TRESSLER; JENNIFER A. TURNER;
    DEBORAH URRIZAGA; WILLIAM F.
5   VANDERVEER; FRANK VEALENCIS;
    TAMARA VEALENCIS; REGINA VIOLA;
6   ALYSSA WALKER; TIKIESHA WASP;
    DONALD WELTY; ZACHARY WILCOX;
7   JORDAN WILKINSON; JEFFERY
    WILLIAMS; TERACIO WILLIAMS; GARY
8   "OPIE" ALLEN WISE; JOHN YONTS; JAMIE
    ZALESKI; JANET ZMYEWSKI; THOMAS
9   ZMYEWSKI,

10                  DEFENDANTS.

**INTRODUCTION**

1.      On October 1, 2017, Stephen Paddock carried out a mass attack at the Route 91 Harvest Festival in Las Vegas, Nevada.

2.      Paddock intended to inflict mass injury, death and destruction.  He killed 58 persons and injured some 500 others.  Paddock's attack resulted in the highest number of deaths of any mass shooting in the Nation's history.

3.      Security for the concert was provided by Contemporary Services Corporation, whose security services have been certified by the Secretary of Homeland Security for protecting against and responding to acts of mass injury and destruction.

4.      Recognizing the national interest in such events, and in the development and deployment of services certified by the Secretary of Homeland Security to prevent and respond to such events, Congress has provided original and exclusive federal jurisdiction for any claims of injuries arising out of or relating to mass violence where services certified by the Department were deployed.

5.      Plaintiff MGM Resorts Festival Grounds, LLC owns and operates the Las Vegas Village, at 3901 South Las Vegas Boulevard, Las Vegas, Nevada 89119, where the Route 91 Harvest Festival was held.  Plaintiff Mandalay Bay, LLC owns and operates the Mandalay Bay resort, which is adjacent to Las Vegas Village.  Plaintiff MGM Resorts International is the parent corporation, with an indirect 100% interest in Mandalay Bay, LLC, and MGM Resorts Festival Grounds.  Plaintiff MGM Resorts Venue Management, LLC is a Nevada limited liability company.

6.       Paddock carried out his mass attack on the concert from a room on the 32nd floor of the Mandalay Bay resort.

7.      Following Paddock's attack, over 2,500 individuals ("Claimants") have brought lawsuits, or threatened to bring lawsuits, against Plaintiffs MGM Resorts Festival Grounds, LLC, MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort Group, and MGM Resorts Venue Management, LLC (collectively, "the MGM Parties"), alleging that the MGM Parties (among others) are liable for deaths, injuries, and emotional distress resulting from Paddock's

COMPLAINT FOR DECLARATORY RELIEF RE APPLICATION OF SAFETY ACT, 6 U.S.C. §§ 441-444

attack.  Claimants subsequently voluntarily dismissed these cases before they could be resolved, apparently with the intent of refiling.

8.      Named as defendants in this case are Claimants who have brought lawsuits (which they subsequently voluntarily dismissed) against the MGM Parties, alleging claims arising from Paddock's attack, and persons who, through counsel, have threatened to bring such claims against the MGM Parties.

9.      Congress has enacted legislation to support the development of new technologies and services to prevent and respond to mass violence.  That legislation, the Support Anti-Terrorism by Fostering Effective Technologies Act of 2002, 6 U.S.C. §§ 441-444 (also known by the acronym, the "SAFETY Act"), provides a calibrated balance of remedies and limitations on liabilities arising from mass attacks committed on U.S. soil where services certified by the Department of Homeland Security were deployed.

10.     In the case of Paddock's mass attack, certified technologies or services were deployed by a professional security company, Contemporary Services Corporation ("CSC"), which was employed as the Security Vendor for the Route 91 concert.  As alleged in more detail below, Paddock's mass attack meets the requirements of the SAFETY Act as set forth in the statute and the Regulations promulgated by the Department of Homeland Security.

11.     Defendants' actual and threatened lawsuits implicate the services provided by CSC because they implicate security at the concert, for example security training, emergency response, evacuation, and adequacy of egress.

12.     As a result, the SAFETY Act applies to and governs all actions and any claims arising out of or relating to Paddock's mass attack.  There are five key aspects of the Act and implementing regulations promulgated by the Department of Homeland Security as authorized and contemplated by the SAFETY Act.  6 C.F.R. § 25.1 et seq.

13.     First, the SAFETY Act creates a "Federal cause of action for claims arising out of [or] relating to" an act of mass violence where certified services were deployed and where such claims may result in losses to the Seller of the services.  6 U.S.C. § 442(a)(1).

14.     Second, the SAFETY Act expressly provides the federal courts with "original and

-2-

exclusive jurisdiction over all actions for any claim for loss" arising out of or related to such an attack. 6 U.S.C. § 442(a)(2).

15.     Third, as confirmed by the Secretary's implementing regulations promulgated after enactment of the SAFETY Act, the federal cause of action created by the statute is the exclusive claim available in such circumstances.  6 U.S.C. § 442(a)(1).  The regulations state:  "There shall exist only one cause of action for loss of property, personal injury, or death for performance or non-performance of the Seller's Qualified Anti–Terrorism Technology in relation to an Act of Terrorism." 6 C.F.R. § 25.7(d).

16.     Fourth, the regulations further provide that "Such cause of action may be brought only against the Seller of the Qualified Anti–Terrorism Technology and may not be brought against the buyers, the buyers' contractors, or downstream users of the Technology, the Seller's suppliers or contractors, or any other person or entity."  6 C.F.R. § 25.7(d).

17.     Fifth, to ensure compensation for victims in appropriate cases, the SAFETY Act requires that the Seller "obtain liability insurance of such types and in such amounts as shall be required in accordance with this section and certified by the Secretary to satisfy otherwise compensable third-party claims arising out of, relating to, or resulting from an act of terrorism."  6 U.S.C. § 443(a)(1).

18.     Congress enacted the SAFETY Act in recognition of the strong national interest in encouraging the development and use of technologies and services that can help prevent and respond to mass violence.  The Act does so in part by assurance of limited liability in the unfortunate event that an incident of mass violence occurs and injuries occur despite the deployment of such technology.  The Act also does so by creating original and exclusive jurisdiction for the resolution of all controversies in federal court. 6 U.S.C. § 442(a)(2).

19.     The SAFETY Act expressly provides the federal courts with original and exclusive jurisdiction over "all actions for and any claims for loss [or] injury" arising out of or relating to a mass attack where certified services were provided and where such claims *may* result in losses to the seller of those services. The Act and the associated regulations make clear that any such claim against the MGM Parties must be dismissed.

20.     By this action, the MGM Parties seek a declaratory judgment and further relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that the MGM parties cannot be held liable to Defendants for deaths, injuries, or other damages arising from Paddock's attack.

### PARTIES

**A.     PLAINTIFFS**

21.     Plaintiff MGM RESORTS INTERNATIONAL is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

22.     Plaintiff MANDALAY RESORT GROUP is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

23.     Plaintiff, MANDALAY BAY, LLC f/k/a MANDALAY CORP. is a Nevada limited liability company with a single member, Mandalay Resort Group.

24.     Plaintiff MGM RESORTS FESTIVAL GROUNDS, LLC is a Nevada limited liability company with a single member, Mandalay Resort Group.

25.     Plaintiff MGM RESORTS VENUE MANAGEMENT, LLC is a Nevada limited liability company with a single member, MGM Resorts International.

**B.     DEFENDANTS**

26.     Plaintiffs are informed and believe, and thereon allege, that defendant Carlos Acosta is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

27.     Plaintiffs are informed and believe, and thereon allege, that defendant Emmanuel Affran is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

28.     Plaintiffs are informed and believe and thereon allege that Defendant Greg Aguayo is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

29.     Plaintiffs are informed and believe and thereon allege that Defendant Lillian Aguirre is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

30.     Plaintiffs are informed and believe, and thereon allege, that defendant Dionndra Alexander is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

31.     Plaintiffs are informed and believe and thereon allege that Defendant Leslie Alworth is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

32.     Plaintiffs are informed and believe, and thereon allege, that defendant Enrique Argueta is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

33.     Plaintiffs are informed and believe, and thereon allege, that defendant Shane Armstrong is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Athena Castilla v. MGM*, filed October 18, 2017, in the Los Angeles Superior Court ("LASC"), case number

BC680193.

34.     Plaintiffs are informed and believe, and thereon allege, that defendant Imari Ausbie is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

35.     Plaintiffs are informed and believe, and thereon allege, that defendant Tina Marie Avery is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

36.     Plaintiffs are informed and believe and thereon allege that Defendant Jeffrey Bachman is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

37.     Plaintiffs are informed and believe and thereon allege that Defendant Joseph l. Balas is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

38.     Plaintiffs are informed and believe, and thereon allege, that defendant Breanna Grace Francl Baldridge is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Baldridge, et al. v. MGM*, filed January 18, 2018, in Clark County District Court ("Clark County"), case number A-18-767981-C.

39.     Plaintiffs are informed and believe, and thereon allege, that defendant Malinda Baldridge is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims

arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Baldridge, et al. v. MGM*, filed January 18, 2018, in Clark County District Court ("Clark County"), case number A-18-767981-C.

40. Plaintiffs are informed and believe, and thereon allege, that defendant Cole Baldwin is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

41. Plaintiffs are informed and believe and thereon allege that Defendant Paul Balfour is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

42. Plaintiffs are informed and believe and thereon allege that Defendant Alicia Beatty is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

43. Plaintiffs are informed and believe and thereon allege that Defendant Elizabeth Beatty is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

44. Plaintiffs are informed and believe and thereon allege that Defendant Matthew Beatty is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

45. Plaintiffs are informed and believe, and thereon allege, that defendant Brandy Beaver is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

46.     Plaintiffs are informed and believe, and thereon allege, that defendant Brandon Charles Beckett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

47.     Plaintiffs are informed and believe and thereon allege that Defendant Tina Bedartes is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

48.     Plaintiffs are informed and believe, and thereon allege, that defendant Chico Belser is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

49.     Plaintiffs are informed and believe, and thereon allege, that defendant Christi Beran is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

50.     Plaintiffs are informed and believe and thereon allege that Defendant Karen Berney is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

51.     Plaintiffs are informed and believe, and thereon allege, that defendant Jennifer L. Bithell is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

52.     Plaintiffs are informed and believe, and thereon allege, that defendant Russell Bleck is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

53.     Plaintiffs are informed and believe, and thereon allege, that defendant Aaron Bouphapraseuth is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

54.     Plaintiffs are informed and believe and thereon allege that Defendant Joshua Brady is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

55.     Plaintiffs are informed and believe, and thereon allege, that defendant Chandra Bridges is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

56.     Plaintiffs are informed and believe, and thereon allege, that defendant Craig Alan Brockett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

57.     Plaintiffs are informed and believe, and thereon allege, that defendant Debbie

Brockett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

58.     Plaintiffs are informed and believe, and thereon allege, that defendant Kali Brockett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

59.     Plaintiffs are informed and believe, and thereon allege, that defendant Lexia Brockett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

60.     Plaintiffs are informed and believe, and thereon allege, that defendant Caitlin Brunner is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Brunner v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764745-C.

61.     Plaintiffs are informed and believe, and thereon allege, that defendant Andre Bryant is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

62.     Plaintiffs are informed and believe, and thereon allege, that defendant Jori Buckland is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Buckland v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764741-C.

63.     Plaintiffs are informed and believe and thereon allege that Defendant Tiffanie Buehler is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

64.     Plaintiffs are informed and believe and thereon allege that Defendant Anthony Burns is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

65.     Plaintiffs are informed and believe, and thereon allege, that defendant Andretti Cage is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

66.     Plaintiffs are informed and believe, and thereon allege, that defendant Kimberly Calderon is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

67.     Plaintiffs are informed and believe, and thereon allege, that defendant Earllitra Danielle Carter is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

68.     Plaintiffs are informed and believe, and thereon allege, that defendant Athena Castilla is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Athena Castilla v. MGM*, filed October 18, 2017, in the Los Angeles Superior Court ("LASC"), case number BC680193.

69.     Plaintiffs are informed and believe, and thereon allege, that defendant Shayla Cataldo is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Cataldo v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764738-C.

70.     Plaintiffs are informed and believe, and thereon allege, that defendant Tequela Chappell is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

71.     Plaintiffs are informed and believe and thereon allege that Defendant Savanna Chasco is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

72.     Plaintiffs are informed and believe, and thereon allege, that defendant Danny Cluff is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

73.     Plaintiffs are informed and believe and thereon allege that Defendant Greg Cluff is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

74.     Plaintiffs are informed and believe and thereon allege that Defendant Cody Coffer is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

75.     Plaintiffs are informed and believe, and thereon allege, that defendant Markie Coffer is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

76.     Plaintiffs are informed and believe, and thereon allege, that defendant Connie D. Coleman is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Gasper, et al. v. MGM*, filed November 20, 2017, in Los Angeles Superior Court ("LASC"), case number BC684143

77.     Plaintiffs are informed and believe, and thereon allege, that defendant Kimberly Collins is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

78.     Plaintiffs are informed and believe and thereon allege that Defendant Sue Ann Cornwell is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

79.     Plaintiffs are informed and believe, and thereon allege, that defendant Daniel Cortes is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

80.     Plaintiffs are informed and believe, and thereon allege, that defendant Brett Cossairt is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

81.     Plaintiffs are informed and believe and thereon allege that Defendant Mandi Crowder is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

82.     Plaintiffs are informed and believe and thereon allege that Defendant Chanell Cuellar is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

83.     Plaintiffs are informed and believe and thereon allege that Defendant Juan Cuellar is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

84.     Plaintiffs are informed and believe, and thereon allege, that defendant Rainna Rusk Davis is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

85.     Plaintiffs are informed and believe and thereon allege that Defendant Whitney Day is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

86.     Plaintiffs are informed and believe and thereon allege that Defendant John Deane is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert

-14-

claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

87.     Plaintiffs are informed and believe, and thereon allege, that defendant Rachel DelaPaz is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

88.     Plaintiffs are informed and believe, and thereon allege, that defendant Hannah Dominguez is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

89.     Plaintiffs are informed and believe, and thereon allege, that defendant Jomont Dotton is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

90.     Plaintiffs are informed and believe, and thereon allege, that defendant Sandra Douglas is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

91.     Plaintiffs are informed and believe, and thereon allege, that defendant Michael Dyer is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

92.     Plaintiffs are informed and believe, and thereon allege, that defendant Hugh Joseph

Dyer III is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

93.     Plaintiffs are informed and believe, and thereon allege, that defendant Sonya Esters is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

94.     Plaintiffs are informed and believe and thereon allege that Defendant Emily Evans is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

95.     Plaintiffs are informed and believe, and thereon allege, that defendant Michelle Evans is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

96.     Plaintiffs are informed and believe, and thereon allege, that defendant Kristina Falco is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

97.     Plaintiffs are informed and believe, and thereon allege, that defendant Cassandra Figgers is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

98.     Plaintiffs are informed and believe and thereon allege that Defendant Deanna Finley is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

99.     Plaintiffs are informed and believe, and thereon allege, that defendant Judith Fisher is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

100.     Plaintiffs are informed and believe, and thereon allege, that defendant Bristina Flatt is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

101.     Plaintiffs are informed and believe, and thereon allege, that defendant Kenneth Shayne Fletcher is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

102.     Plaintiffs are informed and believe and thereon allege that Defendant Beth Galofaro is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

103.     Plaintiffs are informed and believe, and thereon allege, that defendant William Galvez is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

104. Plaintiffs are informed and believe and thereon allege that Defendant Lacy Gann is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

105. Plaintiffs are informed and believe and thereon allege that Defendant Dana Getreu is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

106. Plaintiffs are informed and believe, and thereon allege, that defendant Courtney Gibson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

107. Plaintiffs are informed and believe and thereon allege that Defendant Jennifer Gibson is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

108. Plaintiffs are informed and believe, and thereon allege, that defendant Michael Merced Gilardino is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

109. Plaintiffs are informed and believe and thereon allege that Defendant Jimmy Gilmore is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

110. Plaintiffs are informed and believe, and thereon allege, that defendant Tomas

Gonzalez is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

111.    Plaintiffs are informed and believe, and thereon allege, that defendant Heather Gooze is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Gooze v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764718-C.

112.    Plaintiffs are informed and believe, and thereon allege, that defendant Michael Greenfield is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

113.    Plaintiffs are informed and believe, and thereon allege, that defendant Julian Hamilton is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

114.    Plaintiffs are informed and believe and thereon allege that Defendant Angel Handlin is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

115.    Plaintiffs are informed and believe and thereon allege that Defendant Darrel Handlin is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in

1   Las Vegas, Nevada.

2       116.    Plaintiffs are informed and believe, and thereon allege, that defendant Matthew

3   Hansen is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

4   subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

5   from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

6   filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

7       117.    Plaintiffs are informed and believe and thereon allege that Defendant Michael

8   Hansson is a resident of the State of Nevada. Defendant has, through counsel, asserted or

9   threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in

10  Las Vegas, Nevada.

11      118.    Plaintiffs are informed and believe, and thereon allege, that defendant Carol Harden

12  is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

13  subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

14  from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

15  filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

16      119.    Plaintiffs are informed and believe and thereon allege that Defendant Justin

17  Harman is a resident of the State of Nevada. Defendant has, through counsel, asserted or

18  threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in

19  Las Vegas, Nevada.

20      120.    Plaintiffs are informed and believe, and thereon allege, that defendant Lakhesha

21  Harris is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

22  subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

23  from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

24  filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

25      121.    Plaintiffs are informed and believe, and thereon allege, that defendant Trino Harris

26  is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

27  subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

28  from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

122.   Plaintiffs are informed and believe, and thereon allege, that defendant Jennifer Haut is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

123.   Plaintiffs are informed and believe and thereon allege that Defendant Elizabeth Hefley is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

124.   Plaintiffs are informed and believe and thereon allege that Defendant Gabrielle Hemphill is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

125.   Plaintiffs are informed and believe and thereon allege that Defendant William Henning is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

126.   Plaintiffs are informed and believe, and thereon allege, that defendant Richard Craig Hermann is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

127.   Plaintiffs are informed and believe, and thereon allege, that defendant Mario Herrera is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

128.    Plaintiffs are informed and believe and thereon allege that Defendant Jacquelyn Hoffing is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

129.    Plaintiffs are informed and believe, and thereon allege, that defendant Marcella Hoffman is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

130.    Plaintiffs are informed and believe, and thereon allege, that defendant Brittany Horton is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

131.    Plaintiffs are informed and believe and thereon allege that Defendant Megan Iannuzzi is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

132.    Plaintiffs are informed and believe, and thereon allege, that defendant Luca Iclodean is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Iclodean v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764716-C.

133.    Plaintiffs are informed and believe, and thereon allege, that defendant Dmorea Jackson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

134.    Plaintiffs are informed and believe, and thereon allege, that defendant Jaron Anthony Jamerson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

135.    Plaintiffs are informed and believe, and thereon allege, that defendant Angelina James is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

136.    Plaintiffs are informed and believe, and thereon allege, that defendant Corey Johnson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

137.    Plaintiffs are informed and believe, and thereon allege, that defendant DeAndre Johnson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

138.    Plaintiffs are informed and believe, and thereon allege, that defendant Jaynelle Johnson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

139.     Plaintiffs are informed and believe, and thereon allege, that defendant Johanna Johnson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

140.     Plaintiffs are informed and believe, and thereon allege, that defendant Sarah Johnson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

141.     Plaintiffs are informed and believe, and thereon allege, that defendant Edgar T. Jones is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

142.     Plaintiffs are informed and believe, and thereon allege, that defendant Chiquana Joshua is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

143.     Plaintiffs are informed and believe and thereon allege that Defendant Myles Kalk is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

144.     Plaintiffs are informed and believe and thereon allege that Defendant Autum Kapinkin is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

145.     Plaintiffs are informed and believe, and thereon allege, that defendant Jawaundo W.

Kimmons is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

146.    Plaintiffs are informed and believe, and thereon allege, that defendant William King is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

147.    Plaintiffs are informed and believe and thereon allege that Defendant Nikkole Knight is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

148.    Plaintiffs are informed and believe, and thereon allege, that defendant Angell Knittle is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

149.    Plaintiffs are informed and believe and thereon allege that Defendant Anna Kopp is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

150.    Plaintiffs are informed and believe, and thereon allege, that defendant David Kronberg is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

151.     Plaintiffs are informed and believe and thereon allege that Defendant Lori Krumme is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

152.     Plaintiffs are informed and believe, and thereon allege, that defendant Mary Lynn Kueffner is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

153.     Plaintiffs are informed and believe and thereon allege that Defendant Athea Lavin is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

154.     Plaintiffs are informed and believe, and thereon allege, that defendant Amiah Lee is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

155.     Plaintiffs are informed and believe, and thereon allege, that defendant Erika Lee is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

156.     Plaintiffs are informed and believe, and thereon allege, that defendant Lisa Lee is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

157.    Plaintiffs are informed and believe, and thereon allege, that defendant Nick Lemay is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

158.    Plaintiffs are informed and believe, and thereon allege, that defendant Alan I. Levitt is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in Gasper, et al. v. MGM, filed November 20, 2017, in Los Angeles Superior Court ("LASC"), case number BC684143

159.    Plaintiffs are informed and believe, and thereon allege, that defendant Charles Lexion is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

160.    Plaintiffs are informed and believe, and thereon allege, that defendant Yolanda Lizardo is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

161.    Plaintiffs are informed and believe and thereon allege that Defendant Gabriela Lomaglio is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

162.    Plaintiffs are informed and believe, and thereon allege, that defendant Vicente Lopez is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

163.     Plaintiffs are informed and believe, and thereon allege, that defendant Shawna Lott is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Lott v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764736-C.

164.     Plaintiffs are informed and believe, and thereon allege, that defendant Joshua Luiz is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

165.     Plaintiffs are informed and believe, and thereon allege, that defendant Joy Lujan is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

166.     Plaintiffs are informed and believe and thereon allege that Defendant Brittany MacKay is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

167.     Plaintiffs are informed and believe, and thereon allege, that defendant Keri Maher is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

168.     Plaintiffs are informed and believe and thereon allege that Defendant Christian Marquez is a resident of the State of Nevada. Defendant has, through counsel, asserted or

threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

169.    Plaintiffs are informed and believe, and thereon allege, that defendant Traci Marshall is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

170.    Plaintiffs are informed and believe, and thereon allege, that defendant Richard Masucci is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

171.    Plaintiffs are informed and believe, and thereon allege, that defendant Lindsey Mata is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

172.    Plaintiffs are informed and believe, and thereon allege, that defendant Travis Matheson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

173.    Plaintiffs are informed and believe, and thereon allege, that defendant Steve McBee is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

174.    Plaintiffs are informed and believe and thereon allege that Defendant Denise McClellan is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

175.    Plaintiffs are informed and believe, and thereon allege, that defendant Lonnie McCorvey is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

176.    Plaintiffs are informed and believe, and thereon allege, that defendant Lynne McCue is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

177.    Plaintiffs are informed and believe, and thereon allege, that defendant Tamika Mcgill is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

178.    Plaintiffs are informed and believe and thereon allege that Defendant Carmen McKinley is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

179.    Plaintiffs are informed and believe, and thereon allege, that defendant Cleveland McMath is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

-30-

subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *McMath v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764720-C.

180.    Plaintiffs are informed and believe, and thereon allege, that defendant Doreen Medina is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

181.    Plaintiffs are informed and believe and thereon allege that Defendant Treza Mekhail is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

182.    Plaintiffs are informed and believe, and thereon allege, that defendant Paige Melanson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

183.    Plaintiffs are informed and believe, and thereon allege, that defendant Rosemarie Melanson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

184.    Plaintiffs are informed and believe, and thereon allege, that defendant Stephanie Melanson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims

arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

185.    Plaintiffs are informed and believe, and thereon allege, that defendant Stephen Melanson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

186.    Plaintiffs are informed and believe, and thereon allege that on October 1, 2017, decedent Austin Meyer, was a resident of the State of Nevada.  Plaintiffs are informed and believe and thereon allege that Defendant, the Estate of Austin Meyer, has, through counsel, made claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada, or, alternatively, has indicated an intent to make such claims in the future (such as by way of the filing of a separate lawsuit – now dismissed, by way of a letter of representation of counsel, or by way of an evidence preservation letter from counsel).

187.    Plaintiffs are informed and believe, and thereon allege, that defendant Romeo Meyer is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

188.    Plaintiffs are informed and believe, and thereon allege, that defendant Robert Miller is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

189.    Plaintiffs are informed and believe, and thereon allege, that defendant Phylyssa Montoya is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

190.    Plaintiffs are informed and believe, and thereon allege, that defendant Alyssa Moore is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

191.    Plaintiffs are informed and believe and thereon allege that Defendant Katrina Morgan is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

192.    Plaintiffs are informed and believe, and thereon allege, that defendant Shancela Myers is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

193.    Plaintiffs are informed and believe, and thereon allege, that defendant Marirose Naing is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

194.    Plaintiffs are informed and believe, and thereon allege, that defendant Anthony Don E. Noarbe is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

195.     Plaintiffs are informed and believe, and thereon allege, that defendant Amber Norcia is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

196.     Plaintiffs are informed and believe and thereon allege that Defendant Elsa Nunez is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

197.     Plaintiffs are informed and believe, and thereon allege, that defendant Rose O'Toole is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

198.     Plaintiffs are informed and believe, and thereon allege, that defendant Kuulei Otis is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

199.     Plaintiffs are informed and believe and thereon allege that Defendant Stacie Owens is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

200.     Plaintiffs are informed and believe and thereon allege that Defendant Chad Packard is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

201.     Plaintiffs are informed and believe, and thereon allege, that defendant Kaycee Paul is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

202.   Plaintiffs are informed and believe, and thereon allege, that defendant Elisa Perez is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

203.   Plaintiffs are informed and believe, and thereon allege, that defendant Angela Marie Perry is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

204.   Plaintiffs are informed and believe, and thereon allege, that defendant Jeremy Pickett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

205.   Plaintiffs are informed and believe, and thereon allege, that defendant Jose Plaza is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

206.   Plaintiffs are informed and believe, and thereon allege, that defendant Mackenzie Pluta is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

207.    Plaintiffs are informed and believe, and thereon allege, that defendant Darrian Porter is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

208.    Plaintiffs are informed and believe and thereon allege that Defendant Laura A. Puglia is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

209.    Plaintiffs are informed and believe, and thereon allege, that defendant Karmjit Raju is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

210.    Plaintiffs are informed and believe and thereon allege that Defendant Jasmine Rein is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

211.    Plaintiffs are informed and believe, and thereon allege, that defendant Stanley Rendon is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in Spencer, et al. v. Paddock, filed October 17, 2017, in Los Angeles Superior Court ("LASC"), case number BC680065.

212.    Plaintiffs are informed and believe and thereon allege that Defendant Lea Richmond is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

213.     Plaintiffs are informed and believe, and thereon allege, that defendant Israel Rivera is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

214.     Plaintiffs are informed and believe and thereon allege that Defendant Tonia Rocheleau is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

215.     Plaintiffs are informed and believe and thereon allege that Defendant Michael Rolland is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

216.     Plaintiffs are informed and believe and thereon allege that Defendant Mark Russell is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

217.     Plaintiffs are informed and believe, and thereon allege, that defendant Vincent Sager is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

218.     Plaintiffs are informed and believe and thereon allege that Defendant Christopher Salinas is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

219.     Plaintiffs are informed and believe, and thereon allege, that defendant Lenea Sampson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was

subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Sampson v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764733-C.

220.     Plaintiffs are informed and believe and thereon allege that Defendant Alyssa Sands is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

221.     Plaintiffs are informed and believe, and thereon allege, that defendant Joseph Sartin is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

222.     Plaintiffs are informed and believe, and thereon allege, that defendant Sarah Scarlett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

223.     Plaintiffs are informed and believe, and thereon allege, that defendant Shawn Scarlett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

224.     Plaintiffs are informed and believe, and thereon allege, that defendant Shaylenne Scarlett is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

225.    Plaintiffs are informed and believe and thereon allege that Defendant Kim Schmitz is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

226.    Plaintiffs are informed and believe and thereon allege that Defendant Alison Sheehe is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

227.    Plaintiffs are informed and believe, and thereon allege, that defendant Christopher Shuemaker is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

228.    Plaintiffs are informed and believe, and thereon allege, that defendant Breanna Skagen is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

229.    Plaintiffs are informed and believe and thereon allege that Defendant Jennifer Skoff is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

230.    Plaintiffs are informed and believe, and thereon allege, that defendant Cheyenne Sloan is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-

767288-C.

231.     Plaintiffs are informed and believe and thereon allege that Defendant Eden Smith is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

232.     Plaintiffs are informed and believe, and thereon allege, that defendant Jasper Smith is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

233.     Plaintiffs are informed and believe, and thereon allege, that defendant Yvonne Smith is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

234.     Plaintiffs are informed and believe and thereon allege that Defendant Martin Solano is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

235.     Plaintiffs are informed and believe, and thereon allege, that defendant Shelby Stalker is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Melanson, et al. v. MGM*, filed January 4, 2018, in the Clark County District Court ("Clark County"), case number A-18-767288-C.

236.     Plaintiffs are informed and believe and thereon allege that Defendant Chris Stewart is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

237.     Plaintiffs are informed and believe, and thereon allege, that defendant Gregory Tavernite is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

238.     Plaintiffs are informed and believe and thereon allege that Defendant Sam Taylor is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

239.     Plaintiffs are informed and believe, and thereon allege, that defendant Wendy Taylor-Hill is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

240.     Plaintiffs are informed and believe, and thereon allege, that defendant Reginald Tharps is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

241.     Plaintiffs are informed and believe and thereon allege that Defendant Christina Thebeau is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

242.     Plaintiffs are informed and believe, and thereon allege, that defendant David W. Theriault is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

243.     Plaintiffs are informed and believe, and thereon allege, that defendant Breyana Thomas is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

244.     Plaintiffs are informed and believe, and thereon allege, that defendant Gabrielle Thomas is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

245.     Plaintiffs are informed and believe, and thereon allege, that defendant Savannah Thomas is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Mayfield, et al. v. MGM*, filed December 15, 2017, in the Los Angeles Superior Court ("LASC"), case number BC687120.

246.     Plaintiffs are informed and believe, and thereon allege, that defendant Steven Thome is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

247.     Plaintiffs are informed and believe, and thereon allege, that defendant Alva Bruce Tilley is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

248.     Plaintiffs are informed and believe and thereon allege that Defendant Mariya Toro is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas,

-42-
COMPLAINT FOR DECLARATORY RELIEF

Nevada.

249.    Plaintiffs are informed and believe, and thereon allege, that defendant Kathryn Tressler is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Tressler v. MGM*, filed November 15, 2017, in the Clark County District Court ("Clark County"), case number A-17-764722-C.

250.    Plaintiffs are informed and believe, and thereon allege, that defendant Jennifer A. Turner is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

251.    Plaintiffs are informed and believe and thereon allege that Defendant Deborah Urrizaga is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

252.    Plaintiffs are informed and believe, and thereon allege, that defendant William F. Vanderveer is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

253.    Plaintiffs are informed and believe, and thereon allege, that defendant Frank Vealencis is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

254.    Plaintiffs are informed and believe, and thereon allege, that defendant Tamara Vealencis is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

255.    Plaintiffs are informed and believe and thereon allege that Defendant Regina Viola is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

256.    Plaintiffs are informed and believe, and thereon allege, that defendant Alyssa Walker is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

257.    Plaintiffs are informed and believe, and thereon allege, that defendant Tikiesha Wasp is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

258.    Plaintiffs are informed and believe, and thereon allege, that defendant Donald Welty is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

259.    Plaintiffs are informed and believe, and thereon allege, that defendant Zachary Wilcox is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising

from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

260.    Plaintiffs are informed and believe, and thereon allege, that defendant Jordan Wilkinson is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

261.    Plaintiffs are informed and believe, and thereon allege, that defendant Jeffery Williams is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

262.    Plaintiffs are informed and believe, and thereon allege, that defendant Teracio Williams is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

263.    Plaintiffs are informed and believe, and thereon allege, that defendant Gary "Opie" Allen Wise is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*, filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

264.    Plaintiffs are informed and believe, and thereon allege, that defendant John Yonts is a resident of the State of Nevada. Defendant has previously filed a lawsuit (which was subsequently voluntarily dismissed) against one or more of the Plaintiffs, asserting claims arising from the October 1, 2017, shooting incident in Las Vegas, Nevada, in *Abraham, et al. v. MGM*,

filed November 20, 2017, in the Los Angeles Superior Court ("LASC"), case number BC684047.

265.    Plaintiffs are informed and believe and thereon allege that Defendant Jamie Zaleski is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

266.    Plaintiffs are informed and believe and thereon allege that Defendant Janet Zmyewski is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

267.    Plaintiffs are informed and believe and thereon allege that Defendant Thomas Zmyewski is a resident of the State of Nevada. Defendant has, through counsel, asserted or threatened to assert claims against Plaintiffs based upon the October 1, 2017, shooting incident in Las Vegas, Nevada.

**JURISDICTION AND VENUE**

268.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 6 U.S.C. §442(a).  As alleged hereinabove, the SAFETY Act expressly provides for original and exclusive federal jurisdiction over actions arising from or relating to acts of mass violence where technologies or services certified by the Secretary of Homeland Security were deployed.  At the time of Paddock's mass attack at the Route 91 concert, security services were provided by Contemporary Services Corporation as the Security Vendor for the Route 91 Harvest Festival. CSC's security services were certified by the Secretary of Homeland Security under the SAFETY Act.

269.    This Court has personal jurisdiction over Defendants because they are residents of the State of Nevada and are therefore subject to the general personal jurisdiction of this Court.

270.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) because one or more of the Defendants are known to reside, or upon information and belief, do reside, within this Judicial District.

## FIRST CAUSE OF ACTION FOR DECLATORY RELIEF

### (By Plaintiffs against all Defendants)

271.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations of paragraphs 1-270, above.

272.    Following Paddock's mass attack on the concert, over 2,500 individuals have either sued the MGM Parties, or threatened to sue the MGM Parties, for claims alleged to arise from or relate to the attack.  Several hundred individuals filed suit, and before the issues could be joined or resolved, they dismissed their claims, apparently with the intent of refiling.

273.    Each Defendant either (a) has previously filed suit (and then dismissed it) against one or more of the MGM Parties relating to the Paddock attack, or (b) through counsel has stated an intention to sue the MGM Parties relating to the attack.  There is no pending litigation between Plaintiffs and Defendants relating to the attack.

274.    The claims alleged in the now-dismissed lawsuits include claims of alleged negligence by the MGM Parties and others, including CSC, in protecting and safeguarding persons including those Defendants who attended the Route 91 Festival.

275.    Defendants' actual and threatened lawsuits implicate the services provided by CSC because they implicate security at the concert, including training, emergency response, evacuation and adequacy of egress.

276.    These claims are subject to the SAFETY Act, because (a) they arise from and relate to an act of mass violence meeting the statutory requirements; (b) CSC provided security at the concert, deploying services certified by the Department of Homeland Security under the SAFETY Act to protect against or respond to such an attack; and (c) the claims may therefore result in loss to CSC as the "Seller" of such certified services.

277.    The claims threatened against the MGM Parties by certain Defendants, through counsel, also inevitably fall under the SAFETY Act for the very same reasons:  (a) they arise from and relate to an act of mass violence meeting the statutory requirements; (b) CSC provided security at the concert, deploying services certified by the Department of Homeland Security under the SAFETY Act to protect against or respond to such an attack; and (c) the claims may

therefore result in loss to CSC as the "Seller" of such certified services. If Defendants were injured by Paddock's assault, as they allege, they were inevitably injured both because Paddock fired from his window *and* because they remained in the line of fire at the concert. Such claims inevitably implicate security at the concert—and may result in loss to CSC.

278.    The SAFETY Act applies to claims "arising out of, relating to, or resulting from an act of terrorism."

279.    The SAFETY Act defines an act of terrorism:  An act meets the requirements if the act is (i) "unlawful" (ii) "causes harm to a person … in the United States," and (iii) "uses or attempts to use … weapons … designed or intended to cause mass … injury."  6 U.S.C. § 444(2)(B).  There is no requirement in the statute or regulations of an ideological motive or objective for the attack for it to meet the requirements of the SAFETY Act.

280.    Paddock's mass attack satisfies the requirements of the SAFETY Act and the regulations: (i) it was "unlawful," (ii) it resulted in death or injury to hundreds of persons in the United States, and (iii) it involved weapons and other instrumentalities that were designed and intended to cause, and which in fact caused, mass injury and death.  Those weapons and instrumentalities included rifles modified with bump stocks to spray fully automatic gun fire; high-capacity magazines capable of holding between 60 and 100 rounds; and illegal incendiary rounds intended to blow up the fuel tanks adjacent to the concert.  Paddock used these weapons and instrumentalities to fire hundreds of rounds at the crowd, and he fired incendiary rounds which struck the fuel tanks but, fortunately, missed the fuel.

281.    The post-attack investigation revealed that Paddock brought in his van, which he parked in the hotel garage, 90 pounds of explosives, consisting of 20 two-pound containers of exploding targets, 10 one-pound containers of exploding targets and 2 twenty-pound bags of explosive precursors.

282.    No MGM Party attempted to commit, knowingly participated in, aided, abetted, committed, or participated in any conspiracy to commit any act of terrorism of criminal act related to mass attack perpetrated by Stephen Paddock at the Route 91 Harvest Festival in Las Vegas, Nevada, on October 1, 2017.

283.    The Secretary of Homeland Security may make a determination that conduct in question meets the statutory requirement, but neither the Act nor the regulations requires a formal certification. The Statute provides that the Secretary shall have exclusive authority to certify services, but the authority to determine whether an act of mass violence meets the statutory requirements is not exclusive to the Secretary.

284.    Public statements by the Secretary of Homeland Security concerning the attack make clear that the attack meets the requirements of the SAFETY Act; indeed, based on the plain language of the statute, the regulations, and the facts, no other determination could be possible.

285.    In congressional testimony on November 30, 2017, the Acting Secretary of Homeland Security noted the emphasis of "terrorists and other violent criminals … on attacking soft targets," including "recent tragedies in Nevada."  The Acting Secretary went on to note that the "SAFETY Act Program" "provide[s] critical incentives for the development and deployment of anti-terrorism technologies by providing liability protections for 'qualified anti-terrorism technologies,'" which applies to a number of large sports and entertainment venues nationwide.

286.    In a May 2018 release, Department of Homeland Security noted that "mass shootings" in various places, including at a "concert," aim "to kill and maim unsuspecting individuals" and thereby fall within the Department's "primary mission" "to prevent terrorist attacks within the U.S, reduce the vulnerability of the U.S. to terrorism, and minimize the damage and assist in the recovery from terrorist attacks that do occur, including those in ST-CPs [soft-targets-crowded places]."  Department of Homeland Security, *Soft Targets and Crowded Places Security Plan Overview*, May 2018, at page 2.  The report goes on to note that the protections of the SAFETY Act have been "approved for open venues such as sports arenas and stadia" – such as the venue for the Route 91 Festival. *Id*. at p. 17.

287.    The Department continues its critical work to prevent and respond to mass violence.  In Congressional testimony on May 15, 2018, the Secretary testified that DHS is "seeking to ramp up 'soft target' security efforts," noting that DHS programs "address threats to soft targets – including schools, *entertainment venues*, major events, and public spaces" (emphasis added).  Further, on June 4, 2018, DHS announced that it had "developed a ST-CP Security

Enhancement and Coordination Plan," which has not been made public.  The plan addresses "the increased emphasis *by terrorists* and other extremist actors to leverage less sophisticated methods to inflict harm in public areas … such as parks, *… special event venues*, and similar facilities." See https://www.dhs.gov/publication/securing-soft-targets-and-crowded-spaces (emphasis added).

288.    The SAFETY Act creates a single, exclusive federal cause of action for claims for injuries arising out of or relating to acts of mass violence where services certified by the Department of Homeland Security were deployed in defense against, response to, or recovery from such act and such claims result or may result in loss to the Seller.

289.    Pursuant to the SAFETY Act, the Department of Homeland Security has certified the services provided by CSC.  The DHS Certification recognizes CSC's security services as appropriate for preventing and responding to acts of mass violence.  6 U.S.C. § 441; *see also* 48 C.F.R. § 50.201.

290.    CSC's security services Certified by DHS include "Physical Security"; "Access Control"; and "Crowd Management."

291.    CSC's Certified Crowd Management Services include:

•    "Awareness of venue-specific emergency response protocols and evacuation procedures to include emergency alert and mass-notification systems and sheltering procedures";

•    "Pre-event venue / event safety inspections";

•    "Facilitation of crowd movement during ingress, circulation, sheltering in place, emergency evacuations, and egress";

•    "Pre-event coordination and multi-agency collaboration with public safety agencies";

•    "Selection, vetting, and training of employees."

292.    As alleged above, CSC was employed as the Security Vendor for the Route 91 concert.  CSC's responsibilities at the Route 91 Harvest Festival included providing the following DHS Certified Services:

•    "perimeter security, event access, festival grounds event security";

•    "Staff[ing] inner perimeter and gates";

- "Protect[ing] against unauthorized access";

- "early warning … of perimeter breaches";

- "Secur[ing] internal festival grounds";

- "Patrol[ing] festival floor grounds and assist[ing] patrons with any security related issues";

-  pre-event planning for "Security and Safety";

- "Emergency response" and "evacuation," including evacuation for "terrorist threat" and "ensur[ing] that the exit routes and gates remain unobstructed."

293.    For the reasons set forth above, the SAFETY Act creates an exclusive cause of action for any claims arising out of relating to Paddock's mass attack and such claims may result in loss to the Seller.  Under the SAFETY Act, there "shall exist only one cause of action for loss of property, personal injury, or death. 6 C.F.R. 25.7 (d).

294.    Such cause of action "may be brought only against the Seller of the Qualified Anti-Terrorism Technology and may not be brought against the buyers, the buyer's contractors, or downstream users of the Technology, the Seller's suppliers or contractors, or any other person or entity."  6 C.F.R. 25.7 (d).  The SAFETY Act precludes any liability on the part of Plaintiffs to Defendants relating to Paddock's mass attack.

295.    In addition, the SAFETY Act provides that for any covered claims arising out of or relating to an act of mass violence where certified services were provided, "the government contractor defense applies in such a lawsuit," which provides a complete defense to liability.  6 U.S.C. 442(d)(1).  The government contractor defense precludes any finding of liability on the part of Plaintiffs to Defendants relating to Paddock's mass attack.

296.    An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the applicability of the SAFETY Act.  Plaintiffs assert that the SAFETY Act precludes any liability for any claims arising out of or relating to Paddock's mass attack, whereas, on information and belief, Defendants deny that the Act applies or that it precludes liability on their claims against Plaintiffs.

297.    A judicial declaration as to whether the SAFETY Act applies and precludes

liability on Defendants' claims against the Plaintiffs is necessary at this time so that the parties may ascertain their rights, and avoid the significant judicial waste that would occur if the lawsuits were allowed to proceed in the absence of a finding as to the applicability of the SAFETY Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MGM Parties pray for judgment against Defendants, and each of them, as follows:

1.    For a judicial declaration that:

    a.    Defendants' claims arising from the attack by Stephen Paddock on October 1, 2017 in Las Vegas, Nevada are subject to and governed by the SAFETY Act, 6 U.S.C. § 441 et seq.;

    b.    the SAFETY Act precludes any finding of liability against Plaintiffs for any claim for injuries arising out of or related to Paddock's mass attack, without prejudice to Defendants' rights to pursue claims against the "Seller" under the Act, including to obtain proceeds of insurance that any such Seller was required by the Act to maintain;

    c.    Plaintiffs have no liability of any kind to Defendants, or any of them, arising from the Paddock's mass attack; and

2.    For such other and further legal or equitable relief as the Court deems just and proper.

DATED: July 13, 2018          PISANELLI BICE

By:      /s/ James J. Pisanelli
      JAMES J. PISANELLI (Nevada Bar No. 4027)
      JJP@pisanellibice.com
      TODD L. BICE (Nevada Bar No. 4534)
      TLB@pisanellibice.com
      DEBRA L. SPINELLI (Nevada Bar No. 9695)
      DLS@pisanellibice.com
      PISANELLI BICE
      400 South 7th Street, Suite 300
      Las Vegas, NV 89101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiffs MGM RESORTS
INTERNATIONAL, MANDALAY RESORT GROUP,
MANDALAY BAY, LLC, MGM RESORTS
FESTIVAL GROUNDS, LLC, and MGM RESORTS
VENUE MANAGEMENT, LLC